**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUSTIN LONGMIRE, #32546-177,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0315-M |
| | ) | |
| **OFFICER PATRICK J. STARR, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a federal prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Federal Correction Institution in Seagoville, Texas. Defendants are Dallas Police Officers Patrick Starr and Joe King. The court has not issued process in this case. However, on June 17, 2005, the court issued a questionnaire to Plaintiff, who filed his answers on June 30, 2005.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, alleges that the traffic stop leading to Plaintiff's arrest was the result of an unconstitutional racial profiling. The complaint further alleges that the search of Plaintiff's car, which led to the discovery of the drugs that are the basis for his guilty plea conviction in United States v.

Longmire, 3:04cr165-K (N.D. Tex., Dallas Div.), violated his Fourth Amendment rights. The complaint also alleges the Defendants police officers lied on the police report, failed to advise Plaintiff of his Miranda rights, and refused to return his driver license and insurance card. Plaintiff requests compensatory and punitive damages.[1]

The material allegations on which Plaintiff's racial profiling claim is predicated are as follows:

Plaintiff alleges Defendants stopped him in an almost all black neighborhood merely because he was a black man driving a nice car, which they thought he had stolen. (Attachment to Complaint at 1-2). Upon stopping his car, Officer Starr allegedly told Plaintiff that "a car was stolen in the area like the one [he] was driving." (Answer to Question 1). No other car, however, was on the street at that time. (Id.). In response to Defendants' request, Plaintiff surrendered his driver license and proof of insurance, and stepped out of the car. (Id.). He alleges Defendants immediately detained him, handcuffed him, and illegally searched his car without probable cause, locating a gun and some drugs. (Id.). Although Defendants neither issued a ticket nor advised him of any traffic violation at the time of the stop, the police report states that the police officers observed Plaintiff running a stop sign or stop light several blocks earlier. Plaintiff claims the police report was false. Since the officers were already at the intersection of Overton Road and Frio W. Street when he arrived, he argues they could not have observed him running a stop sign/light several blocks earlier at Frio West and Fordham Road.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma*

---

[1] Plaintiff's direct criminal appeal stemming from his conviction in No. 3 is presently pending before the United States Court of Appeals for the Fifth Circuit. See No. 05-10607.

*pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  <u>See also</u> 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957).

Racial profiling can constitute a deprivation of a citizen's constitutional right to equal protection of the laws.  U.S. Const. amend. XIV; <u>Whren v. United States</u>, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996) (holding that claims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause, and that the right to equal protection may be violated even if the actions of the police are acceptable under

the Fourth Amendment); United States v. Avery, 137 F.3d 343, 352 (6th Cir. 1997) ("the Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures.").

The requirements for a claim of racial profiling draw on what the Supreme Court has called "ordinary equal protection standards." Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1168 (10th Cir. 2003) (quoting United States v. Armstrong, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487, 134 L. Ed. 2d 687 (1996) (noting that requirements for selective prosecution claim draw on ordinary equal protection standards)). To establish a claim of racial profiling, the plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. Armstrong, 517 U.S. at 465, 116 S. Ct. at 1487. "The discriminatory purpose need not be the only purpose, but it must be a motivating factor in the decision." Marshall, 345 F.3d at 1168.

Longmire's allegations fail to raise a claim for racial profiling. The court assumes *arguendo* that the stop and ensuing arrest occurred in an almost all black neighborhood, and he, a black man, was driving a nice car. Despite the above assumption, the court must measure Plaintiff's allegations against the factual resume, agreed to and signed by Longmire at the time of his guilty plea in No. 3:04cr165-K. The factual resume negates his assertions that the officers lied in the police report about his running of a stop sign/light, and that they arrested him immediately after he stepped out of the car. The factual resume specifically provides that Plaintiff "was stopped by Dallas Police after he was observed running a stop light," and that he was placed under arrest only after a weapon was discovered under the passenger seat. (Factual resume at 2). The court can take judicial notice of its own records in a criminal case in this

4

district. In light of the above, Plaintiff cannot establish that the allegedly discriminatory purpose was a motivating factor in the officer's decision to stop his vehicle.

Plaintiff's claim that the officers illegally searched his car in violation of the Fourth Amendment fares no better. The traffic violation, which Plaintiff conceded in the factual resume (see supra factual resume at 2), provided sufficient probable cause for the search. See United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985) (ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty."); United States v. Sanderson, 595 F.2d 1021, 1022 (5th Cir.1979) (same).[2]

Next Plaintiff alleges that Defendants placed him under arrest without advising him of his Miranda rights. (Complaint at 4 and Answer to Question 2). Such a claim lacks an arguable basis in law. Violations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself and, as such, fail to raise a cause of action under § 1983. Chavez v. Martinez, 538 U.S. 760, 772, 123 S. Ct. 1994, 2004, 155 L. Ed. 2d 984 (2003) (collecting cases). Nevertheless the factual resume once again refutes Plaintiff's claim. It provides that "[a]fter being advised of his constitutional rights [Plaintiff,] waived his right to an attorney and elected to speak with investigators." (Factual resume at 2).

---

[2] The Supreme Court has not specifically addressed the applicability of the Heck doctrine to a § 1983 claim alleging damages attributable to an allegedly illegal search and seizure. See Heck v. Humphrey, 512 U.S. 477, 487 n. 7, 114 S. Ct. 2364, 2373, 129 L. Ed. 2d 383 (1994) ("noting that a suit for damages attributable to a an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulted in the § 1983 still out-standing conviction."); see also Haring v. Prosise, 462 U.S. 306, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983) (holding that a plaintiff's guilty plea did not constitute a waiver of antecedent Fourth Amendment claims in a § 1983 action). There is a split among the circuits as to how Heck's footnote seven should be interpreted. The court need not address this issue further in light of Plaintiff's admissions in the factual resume.

Plaintiff's last claim also lacks an arguable basis in law. Plaintiff alleges the Defendants failed to return his driver license and proof of insurance. The wrongful deprivation of property does not implicate the Fourteenth Amendment if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); accord Nickens v. Melton, 38 F.3d 183, 184-85 (5th Cir. 1994); Holloway v. Walker, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). Plaintiff has a right of action under Texas law for any alleged negligent or intentional deprivation of property. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983); Myers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987).

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994) (same); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (same). Because he has failed to allege any cognizable claim for relief against the named Defendants, the complaint should be dismissed with prejudice as frivolous pursuant to §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 29th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.